SENIOR COUNSEL
C. D. Michel*

SPECIAL COUNSEL
Joshua R. Dale
W. Lee Smith

ASSOCIATES
Anna M. Barvir
Sean A. Brady
Scott M. Franklin
Thomas E. Maciejewski
Clint B. Monfort
Tamara M. Rider
Joseph A. Silvoso, III
Los Angeles, CA

\* Also admitted in Texas and the District of Columbia

Writer's Direct Contact:
562-216-4444
CMichel@michellawyers.com

OF COUNSEL
Don B. Kates
Battleground, WA

Ruth P. Haring
Matthew M. Horeczko
Los Angeles, CA

Glenn S. McRoberts
San Diego, CA

AFFILIATE COUNSEL
John F. Machtinger
Jeffrey M. Cohon
Los Angeles, CA

David T. Hardy
Tucson, AZ



October 17, 2013

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:   *Jackson v. City and County of San Francisco*, Case No. 12-17803
             **Appellants Citation of Supplemental Authority Pursuant to Rule 28(j)**

Ms. Dwyer:

      Plaintiffs-Appellants write to inform the Court of several firearm storage laws recently passed in California: Senate Bill 363 and Assembly Bills 231 and 500.

      Senate Bill 363 imposes criminal penalties if a firearm owner does not secure his or her firearms within a locked container or gun safe if the firearm owner resides with an individual who is prohibited from possessing a firearm due to a criminal conviction or mental illness. S. 363, 2013-2014 Reg. Sess. (Cal. 2013).

      Assembly Bill 231 imposes criminal penalties if a firearm owner negligently stores or leaves a loaded firearm in a location where he or she knows, or reasonably should know, that a child is likely to gain access without permission, unless reasonable action is taken to secure the firearm against access. Assemb. 231, 2013-2014 Reg. Sess. (Cal. 2013).

      Assembly Bill 500 imposes criminal penalties if an owner does not keep his or her firearms locked or disabled by a safety device at all times, unless carried on the person, if he or she lives with an individual prohibited by state or federal law from possessing a firearm. Assemb. 500, 2013-2014 Reg. Sess. (Cal. 2013).

Molly Dwyer, Clerk of Court
October 17, 2013
Page 2 of 3

      Appellees' objectives under San Francisco Police Code Section 4512 are to prevent accidents and injuries arising from access to firearms by children, prohibited persons, and other unauthorized users. R.B. 4.

      Like the laws cited in the Appellants Opening Brief, Senate Bill 363, Assembly Bill 231, and Assembly Bill 500 are additional examples of criminal laws that promote these safety objectives without burdening substantially more conduct, or being more restrictive, than necessary. *See* A.O.B. 33, 37. These laws do not require that all individuals lock their firearms away throughout the night, regardless of whether anyone is present. Any remaining justifications for such a requirement does not warrant the limitation it imposes on the use of arms in defense of hearth and home, the Second Amendment interest that is "surely elevate[d] above all others." *See D.C. v. Heller*, 554 U.S. 570, 635, (2008).

Date: October 17, 2013                      Respectfully submitted,

                                                  /s C. D. Michel
                                        C. D. Michel
                                        Attorney for *Plaintiffs-Appellants*

Molly Dwyer, Clerk of Court
October 17, 2013
Page 3 of 3

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, an electronic PDF of Appellants Citation of Supplemental Authority Rule 28(j) letter was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

       /s C. D. Michel
       C. D. Michel
       Attorney for *Plaintiffs-Appellants*