

CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

OFFICE OF THE CITY ATTORNEY

CHRISTINE VAN AKEN
Deputy City Attorney

Direct Dial: (415) 554-4633
Email: christine.van.aken@sfgov.org

February 19, 2014

**VIA ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:    *Jackson v. City & County of San Francisco*, No. 12-17803
             Argued October 7, 2013 before Judges M. Smith, D.W. Nelson, and Ikuta

Dear Ms. Dwyer:

      Appellants recently submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) to alert this Court to *Illinois Association of Firearms Retailers v. City of Chicago*, No. 10 C 04184, 2014 WL 31339 (N.D. Ill. Jan. 6, 2014). *Illinois Association* has little bearing on this case. It concerns a City of Chicago ordinance providing that "no firearm may be sold, acquired or otherwise transferred within the city, except through inheritance of the firearm." *Id.* at *1 (quoting Chicago Muni. Code § 8-20-100(a).) San Francisco's ammunition sales ordinance, by contrast, does not prohibition the acquisition of firearms or of most kinds of bullets. Nor does it prevent city residents from acquiring hollow point bullets or other enhanced-lethality ammunition by mail within San Francisco. *See* S.F. Police Code § 613.10(g). Thus, the degree of burden San Francisco's ordinance imposes on the ability of residents to keep and bear arms for self-defense is slight at most, unlike Chicago's ordinance. Under *United States v. Chovan*, 735 F.3d 1127, 1138 (9th Cir. 2013), burdens on Second Amendment rights that are not severe call only for intermediate scrutiny. San Francisco's ammunition ordinance readily passes that test.

      On February 13, 2014, this Circuit decided *Peruta v. County of San Diego*, No. 10-56971, holding that the Second Amendment right to keep and bear arms extends outside the home and that a regulation effecting a complete destruction of that right, by conditioning a concealed-carry permit upon a showing of particular need to carry a gun, is invalid. Slip op. at 47, 56-57. *Peruta* does not, and could not, overrule *Chovan*, which holds that intermediate scrutiny is appropriate for laws that do not impose severe burdens on core Second Amendment rights. 735 F.3d at 1138. Indeed, *Peruta* acknowledges that its "alternative approach" is reserved only "for the most severe cases." Slip op. at 51. The modest burdens imposed by San Francisco's municipal gun controls—a requirement of locking handguns when they are not carried and the sales restrictions discussed above—do not "amount[] to a destruction of the [Second Amendment] right altogether," *id.* at 48, and therefore should be analyzed under the *Chovan* framework.

CITY HALL, RM 234 · 1 DR. CARLTON B. GOODLETT PLACE · SAN FRANCISCO, CALIFORNIA 94102
RECEPTION: (415) 554-4700 · FACSIMILE: (415) 554-4699

n:\govlit\li2012\091333\00904699.doc

CITY AND COUNTY OF SAN FRANCISCO          OFFICE OF THE CITY ATTORNEY

Letter to Molly C. Dwyer
Page 2
Feb. 19, 2014

                                                             Very truly yours,

                                                             DENNIS J. HERRERA
                                                             City Attorney

                                                             /s/Christine Van Aken

                                                             CHRISTINE VAN AKEN
                                                             Deputy City Attorney

cc:      All counsel via ECF

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the following with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on **February 19, 2014.**

### APPELLEES' FRAP 28(j) LETTER

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed **February 19, 2014**, at San Francisco, California.

                                                  s/*Pamela Cheeseborough*
                                                PAMELA CHEESEBOROUGH